IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC HOSEY -BEY, #193503, ) | |
| a.k.a., ERIC DEMETRIC HOSEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-997-WKW |
| ) | |
| KARLA JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Eric Hosey-Bey ("Hosey-Bey"), a state inmate currently incarcerated at the Ventress Correctional Facility. In the complaint, Hosey-Bey, a member of the Moorish Science Temple of America, challenges (i) the amount of time afforded to him for religious services, (ii) the time he is permitted physical access to the law library, (iii) access to Administrative Regulation 208 forms for filing complaints against correctional officials with the State Board of Personnel, and (iv) the security provided in his dorm. Hosey-Bey seeks preliminary and permanent injunctive relief for the alleged violations of his constitutional rights. *Doc. No. 1* at 4-7. The court construed this request for preliminary injunctive relief as a motion for preliminary injunction and ordered that the defendants file a response to this motion. *Doc. No. 5*. The defendants filed a response and special report, supported by relevant evidentiary materials, in which they assert that Hosey-Bey is not entitled to the requested preliminary injunctive relief.

Upon review of the motion for preliminary injunction and responses thereto filed by the defendants, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Hosey-Bey demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th

Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Hosey-Bey complains:  (i) The time he is allowed physical access to the law library is inadequate; (ii) He is not provided adequate time for religious services; (iii) He is denied Administrative Regulation 208 forms; and (iv) He is housed in a dorm with inadequate security.  The defendants maintain that Hosey-Bey is not entitled to preliminary injunctive relief with respect to any of his claims.  Warden Karla Jones addresses Hosey-Bey's claims as follows:

> I have reviewed inmate Eric Demetric Hosey-Bey['s] ... claim of the First and Fourteenth Amendment violations.  He further states, I have taken control of the Chapel Services calendar and cut/extended services to created such conditions.  There is a Chapel Service calendar created by the Chaplain and reviewed by me, prior to posting for the staff and inmate population.  The Chaplain and I try to ensure all religious faiths are afforded at least one day a week [with access to the Chapel].  Each ministry is also given at least one day each month.  The services are open to all inmates that want to attend.  The Shift Commanders and Dormitory Rover Officers are responsible for announcing each service.
> Inmate Hosey-Bey also allege[s] that on November 15, 2016 inmates assigned to Dormitory H were locked inside the dormitory to fend for themselves.  Inmates are locked inside a dormitory, during counts or when there are disturbances in other areas of the facility.  However, the time inmates are locked in the dormitory by themselves is at a minimum and not

> a daily or weekly occurrence.  All dormitory doors are secured with an officer inside to maintain security of the facility.
>
> As Warden of Ventress Correctional Facility, I am responsible for, ensuring all staff and inmates are safe.  We have policies and procedures in place, to ensure inmates are afforded the opportunity to attend a variety of Chapel Services.  Also, we far exceed the required twenty (20) hours inmates have access to the Law Library.  I have not violated inmate Hosey-Bey's First and Fourteenth amendment[] [rights], nor have I placed him or any other inmates' safety at risk.  inmates are not afforded access to the courts by not having adequate

*Doc. No. 14-1* at 1-2.  Defendant Steve Watson, Associate Commissioner of Plans and Programs for the Alabama Department of Corrections, further avers:

> Plaintiff Hosey-Bey ... alleges that the ADOC has unlawfully infringed on his Constitutional rights on religious grounds, among others.  It is the policy of the Alabama Department of Corrections to provide all inmates of all ADOC-recognized faith groups reasonable opportunity to pursue their religious beliefs and practices consistent with institutional security, safety, health, and orderly function of the institution.  In my role as Associate Commissioner of Plans and Programs, I oversee Religious Programming via directly supervising the ADOC Pastoral Program Supervisor/Chaplain Services within the Alabama Department of Corrections.  I encourage the fair administration of religious opportunity in a supportive manner, and often meet with our agency Chaplains, various religious leaders, and speak to the volunteers who assist our formal structure of Chaplains, Volunteer Chaplains, and Pastoral Program Supervisor.  I welcome any opportunity to expand such opportunity because of the benefits for the individual inmate, and the institution(s) as a whole.  I have also scheduled interactions between the Pastoral Program Supervisor and Institutional Wardens to enhance religious opportunity and programming.  Planning, directing, coordinating, scheduling, and making public address (PA) announcements in institution dormitories for institutional religious programming is the responsibility of the Institutional Chaplain and the Warden[.]...  Space and scheduling for religious activity shall not be restricted based on race, religious affiliation, national origin, disability, or political belief.  Equal status and protection, in association with the size of the congregation, is utilized to schedule religious activity/services, with legitimate security and other institutional activities taken into consideration.  AR #461 provides for ADOC Form 461-B, which is titled "Inmate Request for Religious Assistance", and is available to the inmate population to obtain assistance from the Institutional Chaplain, Institutional Warden, and Regional Chaplain.  The Pastoral Program

4

> Supervisor is also available for consultation should an inmate's perceived issue need further attention. Religious programs, consistent with AR #461 and AR #462, provide a positive effect on the institution's operation. I fully support the fair administration and operation of religious services for the inmate population. <u>All</u> agency employees are required to follow the guidelines established by these Administrative Regulations.
> Regulations.
>
> Plaintiff Hosey-Bey makes reference to ADOC "Administrative Regulation 208 forms not [provided] to inmates as an effort to keep inmates from filing complaints on officer[s] and employees to the proper state authorities 'Personnel Board.'" There is no such form available for this purpose within the policy contained in ADOC **AR #208, *Employees Standards of Conduct and Discipline***. There are no forms associated with AR #208 at all. There are annexes to the regulation, which guide ADOC employees on the proper utilization of conduct and discipline. There is no complaint mechanism/form within AR #208.
> * * *
> Plaintiff Hosey-Bey asks the Court for relief from potential retaliation as a result of filing a lawsuit against the ADOC. It is unlawful for any ADOC employee to retaliate against an inmate for fling legal action, and I fully support the law. I would not tolerate such retaliation without recommending, or taking, corrective or disciplinary action against an employee who participated in such behavior.

*Doc. No. 14-3* at 1-3. Daniel Rieben, a Chaplain at Ventress, maintains that "Warden Jones did not cut religious services. I coordinate religious services and ensure all inmates have [the] opportunity for the various religious services." *Doc. No. 1-6* at 1. With respect to Hosey-Bey's claim that services are not being announced in the dormitories, Chaplain Rieben states that "Ventress Correctional Facility policy is that all religious services be announced by the shift office and dormitory officers. Also, I did inform Warden Jones of the inmate allegations. Warden Jones instructed the Shift Commanders to ensure that religious services and facility activities (pill call, yard call, store call and etc.) are announced and documented in the shift logs." *Id*. at 1-2. In addition, Chaplain Rieben asserts that "[t]he Chapel calendar represents all religious groups that hold services and the

calendar is set up with a balanced schedule of all groups represented in the facility." *Id*. at 2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Hosey-Bey has failed to demonstrate a substantial likelihood of success on the merits of his claims. Hosey-Bey likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendants as issuance of the injunction would adversely impact the ability of correctional officials to provide all inmates access to religious services and the law library. It is likewise clear that issuance of the injunction would impede correctional officials in determining the manner in which to best provide security for the facility. Finally, the public interest element of the equation is, at best, a neutral factor at this time. Thus, Hosey-Bey has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. No. 1) filed by the plaintiff be DENIED.

2. This case be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before March 2, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous,

conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 16th day of February , 2017.

                                    /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE